UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-cv-00088-TBR

DONALD R. PHILLIPS,                                              PLAINTFF

V

SHASTINE TANGILAG, MD, ET AL.,                                   DEFENDANT

**MEMORANDUM OPINION & ORDER**

Plaintiff, Donald R. Phillips, has moved to extend the deadline to designate a medical expert witness and for the Court to order the Defendants to transport Phillips to the expert of his choosing for examination incident to an expert report and for treatment to alleviate his ongoing pain and suffering. (R. 76). The Defendants object to the extension and the Court ordered transportation. (R. 77). For the reasons that follow, the Court GRANTS the Plaintiff's request for an extension and DENIES the Plaintiff's request to compel transportation.

BACKGROUND

Phillips, an inmate housed within the Kentucky Department of Corrections, filed suit against Shastine Tangilag, Lester Lewis, Ted Jefferson, Cookie Crews, Denise Burkett, and Correct Care Solutions in June of 2016 due to medical treatment concerning a painful mass on his left calf that resulted from an assault he suffered at the hands of a fellow inmate. (R. 1). Phillips asserted claims under the Eighth Amendment to the United States Constitution and Section Seventeen of the Kentucky Constitution, as well as medical malpractice claims. By way

of relief, Phillips requested compensatory and punitive damages, declaratory relief, and injunctive relief in the form of medical treatment. *Id.*

On December 5, 2017 Phillips, through counsel, moved for a 120-day extension of his expert disclosure deadline because he had been transferred to another prison, which, according to Phillips, interfered with discovery. (R. 52). The request for an extension went unopposed, and the Court granted it on January 3, 2017. (R. 53).

Then, seeking court-ordered medical treatment, Phillips moved for a preliminary injunction. (R. 56). The Court denied the injunction because, among other things, Phillips failed to demonstrate a strong likelihood of success on the merits of his claims and because Phillips had failed to demonstrate that he had sought treatment through intra-prison channels prior to requesting court intervention. (R. 60). In denying Phillip's motion for preliminary injunction, the Court noted that the last time Phillips sought medical treatment for the mass on his calf the injury seemed to be resolving itself. *Id.* Since that time, Phillips had failed to seek further medical treatment. *Id.* If since his last treatment the condition had worsened, the impetus was on Phillips to seek reassessment of his leg; prison medical staff at that time had no reason to actively seek Phillips out for medical treatment. *Id.* Finally, the Court noted that the Defendants appeared to indicate that should Phillips reach out through the proper intra-prison channels to obtain a new evaluation of his injury by prison medical staff, this is something that would not be denied to him, provided that he complied with prison regulations. *Id.*

Phillips then filed a motion for the Court to reconsider and requested that the Court abate all pretrial deadlines pending the Court's ruling. (R. 63). Over the Defendants' opposition, the Court granted Phillips's request, vacating all pretrial discovery deadlines, and setting new expert disclosure deadlines for January 15, 2019 for Plaintiff and February 15, 2019 for the Defendants.

(R. 71).

Since the Court denying Phillips's motion for preliminary injunction, he has allegedly attempted to obtain a new assessment of his injury and further medical treatment through the above referenced intra-prison channels. (R. 76). However, there has been some delay. When Phillips's injunction was denied, he was housed at Lee Adjustment Center in Beattyville, Kentucky where, upon receiving the Court's Opinion, he pursued reassessment. *Id.* But before the process was complete, he was transferred from Lee Adjustment Center to Little Sandy Correctional Complex in Sandy Hook, Kentucky. *Id.* At Little Sandy, Phillips continued to pursue treatment and, after some delay on the prison's part, started recommended physical therapy in September of 2018. *Id.*

In October of 2018, Phillips asked again to be evaluated by an outside doctor for surgical intervention. *Id.* In response, Phillips was allegedly told by the medical provider at Little Sandy that "she could not 'abide people like [Plaintiff]', that all Plaintiff wanted was for 'higher-ups to spend thousands of dollars' on surgery that 'in her opinion' would not 'take' anyway, and that all Plaintiff wanted was free money." *Id.* at ¶ 6.a. Phillips then filed a grievance based on the medical evaluation. *Id.* After he filed the grievance, he was seen again on October 30, 2018 and was told by other members of Little Sandy medical staff that surgery was not recommended. *Id.* Phillips then filed an appeal with the Health Care Grievance Committee. *Id.* That appeal was denied on November 9. *Id.* Phillips allegedly only became aware of the denial on December 3. Plaintiff appealed that denial and is awaiting a response. *Id.*

Phillips now requests yet another extension of time in which to designate an expert medical witness. Once chosen, Phillips also moves the Court for an order instructing that he be transported to that expert medical witness for evaluation and treatment in contravention of

Kentucky Department of Corrections' Policies and Procedures (CCP), which state that Phillips is free to obtain a second opinion from a medical expert, but he must do so at his own expense and make arrangements for the medical expert to treat Phillips inside the prison. CPP 13.2 (II)(C)(3)(a – e).

STANDARD

Pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The "good cause" standard in this context has been construed as requiring an inquiry into "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). An additional "consideration is possible prejudice to the party opposing the modification." *Id.* As the Sixth Circuit has noted, "while prejudice to the defendant is not an express component of Rule 16, it is nonetheless a 'relevant consideration.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Thus, "a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes).

DISCUSSION

Phillips seeks a third extension from the Court, arguing that "Given the Court's ruling on Plaintiff's request for injunctive relief, Plaintiff first had to afford Defendants another opportunity to provide Plaintiff the treatment he seeks in these proceedings and then exhaust all administrative remedies relating thereto," and that "until that process had run its course, it would

4

have been premature for Plaintiff to retain an expert and seek the necessary court order for transport for the examination necessary to retain an expert opinion and for treatment to attempt to alleviate the ongoing pain, suffering and disability Plaintiff experiences as a result of his condition." (R. 76). The Defendants oppose the request, arguing that Phillips has failed to demonstrate that he diligently attempted to comply with the scheduling order. According to the Defendants, "Plaintiff did not have to resubmit a healthcare request before seeking an expert opinion in this case; he merely needed to resubmit a healthcare request in order to be re-evaluated by prison medical providers." (R. 77). Defendants argue further that "[w]hether, and to what extent, Plaintiff requires medical treatment today, more than two years after having filed suit, is different than whether an expert would conclude that Defendants were negligent (or deliberately indifferent) before suit was ever filed." *Id.* To some extent, the Court agrees.

The touchstone of Rule 16 is diligence. The rule requires that a party seeking to modify a scheduling order make some showing that they have diligently attempted to comply with the scheduling order but, for whatever reason, were unable to. Phillips has made no such showing. Instead, he incorrectly argues that the Court's ruling on his preliminary injunction required that he resubmit a healthcare request to the prison prior to obtaining a second opinion or an expert medical opinion. It did not. As the Defendants correctly point out, Phillips was free to obtain a second opinion and or an expert medical opinion at his own cost at any point. Moreover, Phillips's current treatment has no bearing on whether the treatment that occurred years ago, for which Phillips filed suit and for which the medical expert opinion would be necessary, was in fact negligent or in violation of the United States or Kentucky Constitutions, as Phillips claims.

However, the Court must assume both parties are acting in good faith. To that extent, it appears to the Court that Phillips attempted in good faith to give the Defendants an opportunity

to grant at least part of the relief requested without further litigation. The Court also notes that an extension would cause very little prejudice to the Defendants. With these considerations in mind, the Court reluctantly grants Phillips one last extension. The Court warns Phillips, and his Counsel, that if he fails to designate an expert medical witness by the new deadline, he will proceed without one.

The Court cannot be as lenient with Phillips's request to be transferred outside the prison to a doctor of his choosing in contravention of prison policy. The Court is required, for good reason, to grant deference to prisons and prison officials concerning matters of security and operations. *See Bell v. Wolfish*, 441 U.S. 520, 547 – 48 (1979). The prison and its officials—not the Court—are in the best position to assess and handle matters of security and prison operations. Transporting an inmate outside the prison necessarily presents a security risk. As such, the Court will not issue an order instructing an inmate to be transported outside of the prison to obtain an expert medical opinion in contravention of the Kentucky Department of Corrections' established policy to the contrary. Phillips shall obtain his expert medical opinion pursuant to CCP 13.2's mandates.

CONCLUSION

For the reasons enumerated above Phillips's Motion, (R. 76), is **GRANTED IN PART** and **DENIED IN PART**.

The Court HEREBY ORDERS as follows:

1. The Court **GRANTS** Phillips an extension of time in which to designate a medical expert. The new deadline by which Phillips must designate a medical expert will be set by the Court during the telephonic conference scheduled for March 20, 2019 at

6

9:30 AM Central.

2. The Court **DENIES** Phillips's request for an order instructing that he be transported from the prison to a medical expert of his choosing.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

March 18, 2019

cc.
Counsel