UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-cv-00088-TBR

**DONALD R. PHILLIPS,**                                                            **PLAINTFF**

V

**SHASTINE TANGILAG, MD, ET AL.,**                              **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

Plaintiff, Donald R. Phillips, has moved for leave to amend his complaint and add as a party-defendant Clifford, MD (first name unknown). (R. 79). The Defendants oppose Phillips's motion. (R. 80). Fully briefed, this matter is ripe for adjudication. For the reasons that follow, the Court GRANTS Phillips's motion to amend his complaint and add as a party-defendant Clifford MD.

BACKGROUND

Phillips, an inmate housed within the Kentucky Department of Corrections, filed suit against Shastine Tangilag, Lester Lewis, Ted Jefferson, Cookie Crews, Denise Burkett, and Correct Care Solutions in June of 2016 due to medical treatment concerning a painful mass on his left calf that resulted from an assault he suffered at the hands of a fellow inmate. (R. 1). Phillips asserted claims under the Eighth Amendment to the United States Constitution and Section Seventeen of the Kentucky Constitution, as well as medical malpractice claims. By way

of relief, Phillips requested compensatory and punitive damages, declaratory relief, and injunctive relief in the form of medical treatment. *Id.*

After filing suit, Phillips moved for a preliminary injunction for court-ordered medical treatment. (R. 56). Ultimately, the Court denied the injunction because, among other things, Phillips failed to demonstrate a strong likelihood of success on the merits of his claims and because Phillips had failed to demonstrate that he had sought treatment through intra-prison channels prior to requesting court intervention. (R. 60). In denying Philip's motion for preliminary injunction, the Court noted that the last time Phillips sought medical treatment for the mass on his calf the injury seemed to be resolving itself. *Id.* Since that time, Phillips had failed to seek further medical treatment. *Id.* If since his last treatment the condition had worsened, the impetus was on Phillips to seek reassessment of his leg; prison medical staff at that time had no reason to actively seek Phillips out for medical treatment. *Id.* Finally, the Court noted that the Defendants appeared to indicate that should Phillips reach out through the proper intra-prison channels to obtain a new evaluation of his injury by prison medical staff, this was something that would not be denied to him, provided that he complied with prison regulations. *Id.*

Since the Court denying Phillips's motion for preliminary injunction, he has allegedly attempted to obtain a new assessment of his injury and further medical treatment through the above referenced intra-prison channels. (R. 76). However, there has been some delay. When Phillips's injunction was denied, he was housed at Lee Adjustment Center in Beattyville, Kentucky where, upon receiving the Court's Opinion, he pursued reassessment. *Id.* But before the process was completed, he was transferred from Lee Adjustment Center to Little Sandy Correctional Complex in Sandy Hook, Kentucky. *Id.* At Little Sandy, Phillips continued to

pursue treatment and, after some delay on the prison's part, started recommended physical therapy in September of 2018. *Id.*

In October of 2018, Phillips asked again to be evaluated by an outside doctor for surgical intervention. *Id.* In response, Phillips was allegedly told by Clifford, MD (first name unknown) at Little Sandy that "she could not 'abide people like [Plaintiff]', that all Plaintiff wanted was for 'higher-ups to spend thousands of dollars' on surgery that 'in her opinion' would not 'take' anyway, and that all Plaintiff wanted was free money." *Id.* at ¶ 6.a. Phillips then filed a grievance based on the medical evaluation. *Id.* After he filed the grievance, he was seen again on October 30, 2018 and was told by other members of Little Sandy medical staff that surgery was not recommended. *Id.* Phillips then filed an appeal with the Health Care Grievance Committee. *Id.* That appeal was denied on November 9. *Id.* Phillips allegedly only became aware of the denial on December 3. Plaintiff appealed that denial and is awaiting a response. *Id.*

Phillips now seeks to amend his complaint to add Dr. Clifford as a party-defendant for her denial of treatment, which, according to Phillips, violates his constitutional rights, and constitutes negligence. Phillips also seeks to add claims under Article IV, and the First, Fifth, and Fourteenth Amendments of the United States Constitution for the Defendants' allegedly withholding medical treatment in retaliation against Phillips for filing the instant lawsuit. According to Phillips, the Defendants' response to his motion for preliminary injunction made clear that although the Defendants were aware Phillips needed medical attention and was suffering ongoing pain, they refused any further treatment because Phillips had filed suit.

STANDARD[1]

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend a pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule states that "court[s] should freely give leave when justice so requires." *Id.* In determining whether the interests of justice support a grant of leave to amend, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).

DISCUSSION

Phillips moves to amend his compliant to add Dr. Clifford as a party-defendant and brings additional claims against all Defendants for violating his right of access to the courts. Defendants oppose the proposed amendment, arguing that it was unduly delayed by Phillips's

---

[1] The Court notes that Phillips's Motion to For Leave to File First Amended Complaint is more properly characterized as a motion to supplement pursuant to Rule 15(d). The alleged retaliatory denial of medical treatment based on the instant litigation occurred after Phillips filed suit, as did Dr. Clifford's alleged denial of further medical treatment. However, the distinction is one without a difference. The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). For clarity's sake, the Court will refer to, and analyze, the instant motion as a motion for leave to amend. The Court also notes that this is Phillips's second amended complaint—not his first. (See R. 7, Amended Complaint).

conduct and that, in any event, Phillips's amendment to add Dr. Clifford as a party-defendant would be futile. The court will address each of the Defendants' arguments respectively.

A. Undue Delay and Prejudice to the Defendants

The Defendants contend that Phillips's conduct caused an undue delay in requesting the instant amendment. They point out that Phillips has already received three separate discovery extensions, taken very little discovery to date, and that Phillips, while free to do so at any point, waited over two years from the start of litigation to submit the healthcare request form, which lead to Dr. Clifford's alleged misconduct and the instant proposed amendment.

On the other hand, Phillips admits some delay but argues that the Defendants and circumstances beyond Phillips's control are responsible. According to Phillips, the delays and extensions have been caused by the fact that the Court's ruling denying Phillips's motion for preliminary injunction obligated Phillips to give the Defendants one more chance to provide him with proper medical treatment. Furthermore, Phillips was required to exhaust administrative remedies when the aforementioned proper medical care was allegedly denied. The delay was only compounded, according to Phillips, by the Defendants transferring him from Lee Adjustment Center to Little Sandy Correctional Complex immediately after the Court's ruling on his preliminary injunction. Once finally able to see medical staff at Little Sandy, Phillips was allegedly made to wait three weeks only to be placed on recommended physical therapy, which he had to give a good faith chance to improve his condition prior to again requesting outside treatment and surgery consult. It was only at the end of this long process, imposed by the Defendants, that he was allegedly denied proper medical treatment by Dr. Clifford and other medical personal at Little Sandy. Thus, according to Phillips, the instant motion for leave to

amend was filed as promptly as possible, given the circumstances imposed by the Court's preliminary injunction ruling and the Defendant's subsequent conduct.

Frankly, the Court is reluctant to delay this case any further: It has been pending almost three years, and the injury occurred in 2014. And, as the Defendants point out, Phillips was free at any point, including prior to the Court's ruling on his preliminary injunction, to seek further medical treatment. However, Phillips is correct in some regard that at least part of the delay was due to his transfer between prisons and the lengthy process necessary to receive further medical treatment. Furthermore, the Court cannot see how the delay, nor the proposed amendment, causes the Defendants prejudice so great as to warrant denying Phillips's motion. Ultimately, Rule 15 requires leave to amend be given freely and gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. Fed. R. Civ. P. 15(a)(2); *see also Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Thus, while cognizant of this case's extended time-line, the Court in its discretion will not deny Phillip's motion based on undue delay.

B. Futility

Defendants argue next that the deliberate indifference claim asserted against Dr. Clifford in Phillips's amended complaint is futile because the "allegations, even if accepted as true, are insufficient to withstand a motion to dismiss because they constitute Plaintiff's mere disagreement over the medical treatment he received from Dr. Clifford and thus are not actionable." Phillips responds that whether allegations constitute a "mere disagreement" is a "disputed factual argument that [is] inappropriate for a 12(b)(6) motion, much less in response to a motion to amend." The Court agrees.

6

Denial of leave to amend may be appropriate if the amendment is determined to be futile. *See Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003). A motion to amend is deemed futile if the proposed amendment "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). The Court will consider only the complaint, which must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

Here, Defendants specifically challenge Phillips's deliberate indifference claim against Dr. Clifford, arguing that Phillips has done nothing more with his complaint than allege that he disagrees with Clifford's medical treatment. Neither medical differences of opinion nor disagreement with proscribed medical treatment constitute deliberate indifference under the Eight Amendment. *See Allen v. Shawney*, No. 11-10942, 2014 U.S. Dist. LEXIS 34881, at *42 (E.D. Mich. Mar. 18, 2014) (citing *Thomas v. Coble*, 55 Fed. App'x 748, 749 (6th Cir. 2003) ("[The plaintiff] and Dr. Coble clearly disagreed over the preferred medication to treat [the plaintiff's] pain. However, this difference of opinion does not support an Eighth amendment claim.")). Furthermore, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v.*

*Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Thus, if Phillips's complaint, as the Defendants suggest, does nothing more than allege a disagreement with Clifford's medical treatment, it must be dismissed.

But contrary to Defendants' suggestion, Phillips's amended complaint does more than allege a mere disagreement with Dr. Clifford's treatment. Phillips's amended complaint alleges that in denying Phillips a surgical consult, Clifford said "she could not 'abide people like [Plaintiff]', that all Plaintiff wanted was for 'higher-ups to spend thousands of dollars' on surgery that 'in her opinion' would not 'take' anyway, and that all Plaintiff wanted was free money." (R. 76, ¶ 6). From these statements it can plausibly be inferred that Clifford's treatment and refusal was based not on her medical opinion, but instead on some other motivation, such as a specific disdain for Phillips or a more general disdain for prisoners seeking further medical treatment than that which has already been provided. Thus, by calling into question Dr. Clifford's motivation for treating Phillips as she did, the Court finds that Phillips has alleged more than a mere disagreement with the Dr. Clifford's treatment. Therefore, Phillips's claim against Clifford is sufficient to withstand a motion to dismiss, and the Court will not deny Phillips's motion to amend as futile.

CONCLUSION

**IT IS SO ORDERED** that Phillips's Motion, (R. 79), is **GRANTED**.

The Clerk of Court is **DIRECTED** to add **Clifford, MD** as a Defendant in this case.

The Clerk of Court is DIRECTED to file Phillips's Amended Complaint attached to Docket No. 79 as Exhibit 2.

The Defendants already named in this action shall file an answer to Phillips's new claims

brought against them **within 21** days of the entry of this Memorandum Opinion and Order.

A separate Order Regarding Service of Dr. Clifford and a Revised Scheduling Order will be entered subsequent to the telephonic conference scheduled for March 20, 2019 at 9:30 AM Central.

**Thomas B. Russell, Senior Judge**
**United States District Court**
March 18, 2019

cc.
Counsel