# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:16-CV-00088-TBR

DONALD R. PHILLIPS,                                         PLAINTFF

V

SHASTINE TANGILAG, MD, et al.,                       DEFENDANT

## MEMORANDUM OPINION & ORDER

Plaintiff, Donald R. Phillips, has filed a Motion to Compel Transport. [DN 115.] Defendants filed a response objecting, [DN 116, 117], and Plaintiff's time to reply has passed. As such, this matter is ripe for adjudication. The Court **GRANTS** Plaintiff's motion to compel.

## I. Background

Plaintiff, an inmate housed within the Kentucky Department of Corrections, filed suit against Shastine Tangilag, Lester Lewis, Ted Jefferson, Cookie Crews, Denise Burkett, and Correct Care Solutions in June of 2016 due to medical treatment concerning a painful mass on his left calf that resulted from an assault he suffered at the hands of a fellow inmate. [DN 1.] Phillips asserted claims under the Eighth Amendment to the United States Constitution and Section Seventeen of the Kentucky Constitution, as well as medical malpractice claims. By way of relief, Phillips requested compensatory and punitive damages, declaratory relief, and injunctive relief in the form of medical treatment. *Id*.

On December 5, 2017, Plaintiff, through counsel, moved for a 120-day extension of his expert disclosure deadline because he was transferred to another prison, which, according to

Plaintiff, interfered with discovery. [DN 52.] The request for an extension went unopposed, and the Court granted it on January 3, 2017. [DN 53.]

Then, seeking court-ordered medical treatment, Plaintiff moved for a preliminary injunction on March 25, 2018. [DN 56.] The Court denied the injunction because Phillips failed to demonstrate a strong likelihood of success on the merits of his claims, and he failed to demonstrate that he sought treatment through intra-prison channels prior to requesting court intervention. [DN 60.] In denying Phillip's motion for preliminary injunction, the Court noted that the last time Plaintiff sought medical treatment for the mass on his calf the injury was resolving itself. *Id.* Finally, the Court noted that the Defendants appeared to indicate that should Plaintiff reach out through proper intra-prison channels to obtain a new evaluation of his injury by prison medical staff, it would not be denied to him—provided that he complied with prison regulation. *Id.*

Plaintiff then filed a motion for the Court to reconsider and requested that the Court abate all pretrial deadlines pending the Court's ruling. [DN 63.] Over the Defendants' opposition, the Court granted Plaintiff's request, vacating all pretrial discovery deadlines, and setting new expert disclosure deadlines for January 15, 2019 for Plaintiff and February 15, 2019 for the Defendants. [DN 71.]

Plaintiff requested another extension on January 14, 2019. [DN 76.] That motion was opposed by Defendants but was granted by the Court. [DN 87.] The Court stated in that Opinion that it was Plaintiff's "last extension" and if the deadline was not met, he would "proceed without [an expert]." [DN 87 PageID 719.] During a telephonic conference, the Court set a deadline of April 24, 2019 for Plaintiff's Counsel to "locate and consult with a medical expert". [DN 92.] Plaintiff filed a Joint Status Report stating Plaintiff arranged to be seen by doctors at Aptiva Health.

[DN 95.] Plaintiff also stated that he would be able to identify the specialist who would examine him by the telephonic conference scheduled for May 1, 2019. [*Id.*] Plaintiff still had not named a specialist as was expected by that date but noted that physicians were not willing to assess Plaintiff outside their facilities. [DN 103.] The Court then granted Plaintiff's request to file a renewed motion to compel. [*Id.*]

On May 20, 2019, instead of filing a renewed motion to compel—as instructed by the Court—Plaintiff moved again for an injunction requiring transportation to a medical facility "for examination and treatment of his condition by a qualified physician" in order to "relieve his ongoing physical and mental pain and suffering." [DN 105.] The Court again denied this motion and granted Plaintiff a "final opportunity to procure an expert to be used at trial." [DN 111.] The Court also stated, "[i]f Phillips cannot demonstrate to the Court that he has retained such an expert within the time allotted to him below, not only will the Court refuse to order him transported, but Phillips will proceed without an expert witness." [DN 111 PageID 980.] Plaintiff initially had 21 days—until July 22—to renew his motion to compel transportation. However, in a telephonic conference on July 2, 2019, the Court vacated all deadlines and ordered Plaintiff to file the renewed motion by July 16, 2019. [DN 112.]

Plaintiff filed a motion for extension on July 15, 2019, and that motion was granted by the Court [DN 122.] Subsequently, Plaintiff filed his motion to compel transport on July 26, 2019. Plaintiff now asks the Court to compel transport.

## II. Discussion

Plaintiff's counsel asserts that he has arranged for Plaintiff to be seen by a physician at the University of Kentucky Division of General Surgery. [DN 115 at 1.] Plaintiff has not, however,

identified a specific physician that has been retained to serve as a witness. Defendants assert that this is a fatal flaw. [DN 116 at 8.] The Court disagrees.

Plaintiff cannot identify a specific physician that will serve as a witness because examination of Plaintiff must occur first. "It is beyond cavil that a plaintiff may retain its own expert medical witness to examine himself and render opinion testimony at trial." *Silverstein v. Fed. Bureau of Prisons,* 2009 U.S. Dist. LEXIS 47646 *10 (W.D. Colo. May 20, 2009). It would be unfair to Plaintiff to deny him the opportunity to obtain an expert witness.

It is true that Plaintiff is looking to be treated by a physician. However, the Court does not find that to be the *primary purpose*. *See Cabrera v. Williams,* 2007 U.S. Dist. LEXIS 66480 (D. Neb. Sept. 7, 2007) (citing *Green v. Branson,* 108 F.3d 1296, 1304 (10th Cir. 1997). Plaintiff states, "UK, via its representative Kara Tolley, has explicitly agreed to provide the Court and the parties a report on its examination". [DN 115 at 2.] This report that UK has agreed to provide serves a purpose for trial. The Court believes Plaintiff is seeking a physician for litigation and should be permitted to do so. The possibility of future medical treatment is simply a by-product of seeking a medical expert.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Compel, [DN 115], is **GRANTED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 9, 2019

cc: Counsel