UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-CV-00088-TBR

DONALD R. PHILLIPS,                                                                                   PLAINTFF

v.

SHASTINE TANGILAG, MD, et al.,                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff Donald Phillips' ("Phillips") Objection to and Motion to Vacate Magistrate Judge's Ruling. [DN 201]. Defendant Jefferson ("Jefferson") has also filed a Cross-Objection to Magistrate Judge's Order. [DN 204]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Phillips' Objection to and Motion to Vacate Magistrate Judge's Ruling [DN 201] is **DENIED**. Jefferson's Cross-Objection to Magistrate Judge's Order [DN 204] is **OVERRULED**.

### I. Background

Jefferson disclosed Dr. Zack Stearns as an expert witness on April 13, 2020. [DN 146]. On May 28, 2020, counsel for Phillips deposed Dr. Stearns. During the deposition, Phillips argues Dr. Stearns was unprepared for the deposition which caused the deposition to last longer. The deposition lasted one hour and thirty-three minutes. Dr. Stearns charges $800 for the first hour of his services and then $250 for every fifteen minutes thereafter. Following the deposition, Phillips was charged for two hours of Dr. Stearns' time, amounting to $1,800. Counsel for Phillips sent Dr. Stearns a check for $1,300 and refused to pay anything more.

Counsel for Jefferson contacted Magistrate Judge King regarding the dispute over payment. On July 21, 2020, Magistrate Judge King conducted a telephonic status conference to

address this issue. [DN 192]. Phillips made an oral motion asking the Court to find that he was not required to pay the remaining $500 on the invoice. Magistrate Judge King denied Phillips' motion because he found:

> "even if Dr. Stearns was unprepared for his deposition, as Plaintiff alleges, there would be no manifest injustice in requiring Plaintiff to pay Dr. Stearns' fees. At the status conference, Plaintiff's counsel stated his belief that he secured favorable admissions from Dr. Stearns at the deposition because Dr. Stearns was unprepared. Plaintiff should not be able to gain the benefit of a purportedly unprepared expert witness while also seeking to deprive that expert witness of payment for his time. Accordingly, there is no manifest injustice that would occur should Plaintiff be required to pay Dr. Stearns' fees. Further, when considering the necessary time Dr. Stearns was required to spend immediately before and after the deposition, the fees for a two-hour period are reasonable."

[DN 200 at 2-3]. Now Phillips objects to Magistrate Judge King's order to pay the remaining $500. Jefferson also objects to the order and requests this Court order Phillips to pay an outstanding balance of $1,266.67.

## II. Legal Standard

This matter was referred to Magistrate Judge King pursuant to 28 U.S.C. § 636, which Congress enacted to relieve the burden of the federal courts by permitting assignment of certain duties to magistrate judges. *Gomez v. United States*, 490.U.S. 858, 869–70 (1989) (reviewing the legislative history of § 636). Section 636(b) identifies the powers that may be assigned to magistrates by the district court. It also sets forth the applicable standard of review for objections to the ruling of a magistrate on such assigned matters. *See* 28 U.S.C. § 636(b) ("A judge of the court may reconsider any pretrial matter under subparagraph (A) [relating to nondispositive orders] where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). In *United States v. Curtis*, the Sixth Circuit explained:

> Thus, § 636 creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive,

...

>preliminary measures of § 636(b)(1)(A)." *United States v. Raddataz*, 447 U.S. 447, 673 (1980). Conversely, "dispositive motions" accepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the *de novo* standard. *Id*. at 674.

237 F.3d 598, 603 (6th Cir.2001). Rule 72 of the Federal Rules of Civil Procedure "has implemented this statutory provision." *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir.1999). The relevant portion of Rule 72 provides in subsection (a) that this Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

Our circuit holds this standard of review to be a limited one. *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir.1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review.") (citing 28 U.S.C. § 636(b)(1)(A)); *see generally* Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure, § 3068 (West 2007) (explaining that Rule 72 implements the legislative mandate of Section 636(b)(1), the provision in the 1976 amendments that clarified and expanded the authority delegable to a magistrate judge in pretrial matters).

Several decisions from courts of this circuit discuss the "clearly erroneous" and the "contrary to law" standard found in § 636(b)(1)(A) and Rule 72(a). In *Tri–Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, our sister district court for the Western District of Tennessee explained:

>A judicial finding is deemed to be clearly erroneous when it leaves the reviewing court with "a definite and firm conviction that a mistake has been committed." *Heights Comm. Congress v. Hilltop Realty, Inc*., 774 F.2d 135, 140 (6th Cir.1985). Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or the only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly

3

> erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable. *Id.*

75 F.Supp.2d 835, 839 (W.D.Tenn.1999); *see also In re Search Warrants Issued* Aug. 29, 1994, 889 F.Supp. 296, 298 (S.D.Ohio 1995) ("Review under Rule 72(a) provides 'considerable deference to the determination of the magistrates.' A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." (citations omitted)).

### III. Discussion

Fed. R. Civ. P. 26(b)(4)(E) states, "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee *for time spent in responding to discovery* under Rule 26(b)(4)(A) or (D)…" (emphasis added). "Our circuit has little caselaw on Rule 26(b)(4)(E) or its predecessor (Rule 26(b)(4)(C)), and we have none at all regarding a district court's implicit denial of such a motion." *Brown v. Tax Ease Lien Servicing*, LLC, 776 F. App'x 291, 304 (6th Cir. 2019). Many district courts are split on this issue. *See Brown v. Tax Ease Lien Servicing, LLC,* 2019 WL 6898663, *3 (W.D. Ky. Dec. 18, 2019).

A sister district court has held, "the word *responding* is broad enough to encompass reasonable deposition preparation time. The cases cited above from this district seem to presume that a limited amount of preparation time is compensable under the rule." *Cohen v. Jaffe, Raitt, Heuer, and Weiss, P.C.,* 322 F.R.D. 298, 301 (E.D. Mich. Aug. 23, 2017). "The more sensible ambit of what is encompassed by the act of *responding* includes activities which go beyond just voicing answers or being under oath. Preparation, travel, listening to questions and answering them are all part and parcel of the act of 'responding' to discovery posed in the form of a deposition." *Id.*

Here, Dr. Stearns' deposition rate is $800 for the first hour and $250 for every subsequent 15-minute interval. [DN 146 at PageID 1147]. The deposition lasted one hour and thirty-three minutes—11:09 a.m. to 12:42 p.m. However, the deposition was noticed for 11:00 a.m. The audiotape of the deposition lasts one hour and thirty-seven minutes. Magistrate Judge King found that no manifest injustice would occur when considering the time for Dr. Stearns to log on and off of his computer for the deposition and the time answering the court reporter's questions at the end. Further, when allowing payment for a reasonably limited amount of preparation time, Magistrate Judge King's order requiring Phillips to pay the remaining $500 is not clearly erroneous or contrary to the law. Therefore, the Court will overrule both objections and require Phillips to pay the remaining $500.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that:

1.) Phillips' Objection to and Motion to Vacate Magistrate Judge's Ruling [DN 201] is **DENIED**.

2.) Jefferson's Cross-Objection to Magistrate Judge's Order [DN 204] is **OVERRULED**.

3.) Phillips shall pay Dr. Stearns $500.00, the amount still owed on Dr. Stearns' invoice for his deposition, within ten days of the entry of this Order.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 22, 2020

cc: counsel